IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT J. WHITE**                                                          **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:11CV436-LG-JMR**

**BARCLAYS BANK DELAWARE**                            **DEFENDANT**

## ORDER DENYING MOTION TO SET ASIDE FINAL JUDGMENT AND OVERRULE ARBITRATION AWARD JUDGMENT

BEFORE THE COURT is Plaintiff's [22] Motion to Set Aside Final Judgment and Overrule Arbitration Award and Judgment. Defendant filed an Opposition to the Motion and requested that the Court award it "its attorney's fees and costs incurred to respond to a Motion which was filed by Plaintiff without substantial justification." (Opp. 6, ECF No. 23). After due consideration of the parties' submissions, the Court is of the opinion that the Motion should be denied because Plaintiff has not met his burden of showing that vacation of the arbitration award is warranted under the Federal Arbitration Act (FAA). Since Defendant does not state under what authority its request for fees and costs is made or otherwise offer any legal support for the request, the Court is also of the opinion that Defendant's request for fees and costs should be denied.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally sued Defendant in the Circuit Court of Harrison County, Mississippi, claiming that he had received numerous harassing phone calls from Defendant about an alleged delinquent debt owed to it on a credit card account. Defendant removed the action to this Court. It then filed a Motion to Compel

Arbitration based on the arbitration clause in its Card Member Agreement (CMA). Plaintiff did not oppose that Motion and requested that the Court dismiss the action without prejudice so that the parties could pursue arbitration. Therefore, by agreement of the parties, the Court granted the Motion to Compel Arbitration and dismissed this action without prejudice. (*See* Agreed Order, ECF No. 18).

The parties proceeded to arbitration through the American Arbitration Association. After a telephonic hearing, the arbitrator denied relief to Plaintiff and awarded Defendant the sum of $24,852.83 in credit card charges and fees incurred by Plaintiff by Award dated May 15, 2014. Defendant moved this Court to enter judgment on the Award, which the Court did by Order dated July 14, 2014. Plaintiff then filed the subject Motion requesting that the Court set aside the judgment and overrule the arbitration award.

## DISCUSSION

Courts "limit review of arbitration awards to give deference to the decisions of the arbitrator." *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014). "'Judicial review of an arbitration award is extraordinarily narrow.'" *Id.* (citation and ellipses omitted). The Court may vacate an arbitrator's award in the following limited circumstances set forth in the FAA:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrator;
>
> (3) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by

2

which the rights of any party have been prejudiced; or

(4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *see also 21st Fin. Servs.*, 747 F.3d at 335.  It is Plaintiff's burden to show that the arbitration award should be vacated on one or more of these grounds. *See 21st Fin. Servs.*, 747 F.3d at 336; *Parker v. J C Penney Corp., Inc.*, 426 F. App'x 285, 288 (5th Cir. 2011).

Even though Plaintiff agreed to arbitration, he now contends that "Defendant has moved [the] case to the exact venue that it tends to have an unfair advantage over plaintiffs." (Mot. 1, ECF No. 22).  "[E]ven if the Court were to assume that [Plaintiff] never agreed to arbitrate any dispute with [Defendant], the evidence before the Court reveals that [Plaintiff] waived any right to object to the arbitrabililty of the dispute by voluntarily submitting to arbitration and participating at arbitration."  *Garner v. MBNA Am. Bank, N.A.*, No. 3:05cv1029-R, 2006 WL 2354939, at *3 (N.D. Tex. Aug. 14, 2006); *Reynolds v. Brown & Root, Inc.*, No. 96-2800, 1997 WL 269484, at *2 (S.D. Tex. Jan. 30, 1997) ("Plaintiff waived any objection to the arbitrability of the claims when he voluntarily submitted them to arbitration[]. . . .  Therefore, Plaintiff cannot now contend that his . . . claims were not arbitrable.") (citing *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 584 (5th Cir. 1980)).  The Court rejects Plaintiff's after-the-fact attempt to assert his

3

alleged right to a jury trial once the arbitrator rendered a decision against him.

Furthermore, Plaintiff's unsupported assertions that Defendant somehow "paid off" the arbitrator, that Plaintiff was "manipulated to a telephone conferencing hearing," and that Plaintiff "requested a[n] in person hearing but was denied[,]" (Mot. 1, ECF No. 22), are insufficient to show that the arbitrator was biased or otherwise engaged in misconduct warranting vacation of the arbitration award. *See, e.g.*, *Householder Group v. Caughran*, 354 F. App'x 848, 852 (5th Cir. 2009) (party seeking vacation of arbitration award must set forth specific facts, not unsupported assertions). The Court also finds unpersuasive Plaintiff's argument that he "was forced to go through arbitration pro se[,]" (Mot. 1, ECF No. 22), which the Fifth Circuit has determined "does not establish that the arbitrator's award should be vacated." *See Parker*, 426 F. App'x at 289.

Finally, while Plaintiff claims that his "biggest complaint for injustices [*sic*] is the Credit Card member Agreement[,]" (Mot. 1, ECF No. 22), the Court will not disturb the arbitrator's evidentiary findings with respect to the applicability of the CMA to Plaintiff and his liability for the credit card account balance. The arbitrator found in pertinent part as follows:

> I find that Barclays has presented adequate proof that it is owed $24,852.83 for charges and fees incurred on the credit card account that Mr. White admits he used. Although Mr. White contends that he did not sign the credit card application and that he was not provided with a copy of the CMA, the weight of the evidence does not support these contentions. In any event, Mr. White's acceptance and use of the card makes him liable for the account balance.

(Award 3, ECF No. 23-2). "'[A]rbitrators have broad discretion to make evidentiary

4

decisions.'" *Parker*, 426 F. App'x at 289 (citing *Int'l Chem. Workers Union, Local 683C v. Columbian Chems. Co.*, 331 F.3d 491, 497 (5th Cir. 2003)). Courts typically do "not review the adequacy of an arbitrator's evidentiary rulings." *See id.* (citing *Amalgamated Meat Cutters & Butcher Workmen v. Neuhoff Bros.*, 481 F.2d 817, 820 (5th Cir. 1973)). Plaintiff "has not explained why [this Court] should overlook this precedent and disturb the arbitrator's determination." *See id.* His mere disagreement with the arbitrator's findings is not a basis for this Court to vacate the arbitration award. *See* 9 U.S.C. § 10; *see also, e.g.*, *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010) ("The District Court properly determined that [plaintiff's] mere disagreement with the Arbitrator's reasoning did not provide a basis to disturb the award.").

To the extent Plaintiff makes any additional arguments – and those are difficult to discern from his Motion – the Court finds that Plaintiff has not met his burden of establishing one or more of the limited circumstances for vacation of an arbitration award pursuant to 9 U.S.C. § 10. Because Plaintiff has not shown that he is entitled to vacation of the award under the FAA, there is no basis for the Court to vacate the award or to set aside the judgment entered thereon.

Finally, Defendant's argument in support of a claim for attorney's fees is limited to the last sentence of the Motion response.[1] Because Defendant has not

---

[1] "Barclays Bank Delaware requests this Honorable Court deny Plaintiff's Motion to Set Aside [22] and award Barclay's its attorney's fees and costs incurred to respond to a Motion which was file by Plaintiff without substantial justification." *See* (Opp. 6, ECF No. 23).

provided any legal support for its request for attorney's fees and costs, that request is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Motion to Set Aside Final Judgment and Overrule Arbitration Award and Judgment is **DENIED**, and that Defendant's request for fees and costs is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE